IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas E Perez, | No. CV-16-02916-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| TBG Logistics LLC, et al., | |
| Defendants. | |

The Secretary of Labor has sued a large group of entities and one individual for violating the Fair Labor Standards Act ("FLSA"). Defendant Employer Solutions Staffing Group, LLC, and its related entities (collectively "ESSG"), filed cross-claims for indemnification or contribution against most of the other defendants. The Ninth Circuit has not addressed whether such cross-claims are allowed under the FLSA but other circuits have concluded they are not. Based on that authority, the cross-claims will be dismissed.

## BACKGROUND

According to the Secretary of Labor's complaint, Defendant TBG Logistics LLC ("TBG") employs workers to unload tractor trailers containing groceries. (Doc. 39 at 5). Defendant Matthew Connors is the "managing agent" of TBG. In early 2013, TBG entered into an agreement with Defendants Sync Staffing and ESSG. Under that agreement, Sync Staffing and ESSG provided employees to TBG to perform the work of unloading groceries. The employees received paychecks from ESSG and were under the

control of ESSG but were also under the control and supervision of TBG, Connors, and Sync Staffing.

In July or August 2014, Sync Staffing decided to replace ESSG with Defendant Countrywide Payroll & HR Solutions, Inc. ("Countrywide").  After ESSG was replaced, the employees received their paychecks from Countrywide and were subject to the control of Countrywide.  The employees daily tasks, however, did not change and they remained subject to the "supervision and control" of TBG, Connors, and Sync Staffing.

The Secretary of Labor alleges the "economic realities of the employment relationship" show that, regardless of who was ostensibly identified as the employer, TBG, ESSG, Connors, Sync Staffing, and Countrywide all qualified as an "employer" under the FLSA.  (Doc. 39 at 7).  The Secretary of Labor has named these entities and Connors as defendants in this case, alleging that from 2013 to the present the defendants required the employees work more than forty hours in a workweek but failed to pay the employees an overtime premium for the hours worked over forty.  Based on this, the Secretary of Labor seeks a permanent injunction requiring the defendants comply with the FLSA as well as damages in the amount of the unpaid overtime.  The Secretary of Labor asserts all the defendants should be held "jointly and severally liable."  (Doc. 39 at 7).

In responding to the complaint, ESSG asserted cross-claims seeking "indemnification and/or contribution" from TBG, Connors, and Sync Staffing.  (Doc. 40 at 10).  The four cross-claims consist of a claim for indemnification under the FLSA, a claim for contribution under the FLSA, a claim for indemnification and contribution under federal common law, and a claim for "contractual indemnity and/or contribution." The first three cross-claims are brought against TBG, Connors, and Sync Staffing but the contractual indemnity cross-claim is brought solely against Sync Staffing.  All three cross-defendants moved to dismiss, arguing the cross-claims are not supported by sufficient facts and, even if they were, the underlying legal theories are not authorized by federal law.

**ANALYSIS**

Instead of discussing cross-defendants' argument that the cross-claims are not supported by sufficient factual allegations, it is more efficient to determine if the underlying legal theories are viable. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). If the underlying legal theories are not viable, there is no need to grant leave to amend. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (leave to amend need not be given if it would be futile).

ESSG's cross-claims fall into three categories. The first category covers ESSG's cross-claims for either indemnity or contribution under the FLSA. The second category covers ESSG's cross-claim for indemnity or contribution under federal common law. And the third category covers ESSG's cross-claim for contractual indemnity. ESSG has agreed the claims in the first category are not viable and must be dismissed.[1] Therefore, the Court need only resolve whether the federal common law and contractual indemnity cross-claims are viable.

**I. Federal Common Law Does not Authorize Indemnity or Contribution**

When a federal statute does not explicitly or implicitly authorize a claim for indemnification or contribution, such a claim may still exist "via the power of the courts to formulate federal common law." *Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev.*, 934 F.2d 209, 212 (9th Cir. 1991). Relying on this, ESSG argues the Court should formulate a common law entitlement to indemnification or contribution between FLSA defendants. But the power to fashion federal common law is very limited. *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 95 (1981). The power is limited to "those few instances where a federal rule of decision is necessary to protect uniquely federal interest[s]." *Mortgages*, 934 F.2d at 213 (quotation marks and citation

---

[1] ESSG states "[e]veryone agrees that the FLSA does not speak directly or indirectly to the particular question of remedies between or among co-defendants . . . ." (Doc. 51 at 7).

omitted). The Supreme Court has held a desire for contribution among violators of a federal statute "does not implicate uniquely federal interests of the kind that oblige courts to formulate federal common law." *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 642 (1981). The Ninth Circuit has interpreted that statement to mean "[t]he right of recovery from another wrongdoer"—whether contribution or indemnification—does not present a situation where courts should formulate federal common law. *Mortgages*, 934 F.2d at 213. Therefore, federal common law does not authorize ESSG's claims for contribution or indemnification under the FLSA.

ESSG disagrees with this analysis and offers its own views of when courts should formulate federal common law. ESSG provides a lengthy discussion of common law principles, focusing on cases and treatises from the 19th Century. (Doc. 51 at 10-12). ESSG goes so far as to claim the Supreme Court's decision in "*Texas Industries* was wrongly decided" and should be limited as applying only to the federal antitrust statutes at issue in that case. (Doc. 51 at 17). But the Ninth Circuit has not limited *Texas Industries* to the antitrust context. *See Mortgages*, 934 F.2d at 213 (no right to indemnification or contribution under the False Claims Act); *United States v. Guillen-Cervantes*, 748 F.3d 870, 875 (9th Cir. 2014) (no right to contribution under federal immigration laws). And ESSG offers no reason to believe the Ninth Circuit, having extended *Texas Industries* to other federal statutes, would ignore it in the FLSA context. The Ninth Circuit has held the potential need for one wrongdoer "to recover from another wrongdoer" does not present an appropriate situation for formulation of a federal common law remedy. *Mortgages*, 934 F.2d at 213. Following that ruling, ESSG's federal common law cross-claim will be dismissed.

**II. Claim for Contractual Indemnity is Preempted**

ESSG's only remaining cross-claim is for contractual indemnity and it is asserted against one defendant, Sync Staffing. According to the cross-complaint, ESSG entered into an agreement with Sync Staffing which contained a provision stating Sync Staffing would "indemnify, defend and hold harmless [ESSG] . . . from any and all . . . claims for

damages of any nature whatsoever" including "violations of wage and hours laws," such as the FLSA. (Doc. 40-1 at 3). ESSG alleges any liability to the Secretary of Labor in this case will be the result of "wrongful acts or omissions of Sync Staffing." Thus, ESSG believes the contractual provision entitles it to indemnification from Sync Staffing. (Doc. 40 at 14). Sync Staffing has moved to dismiss, arguing the contractual indemnity provision is against public policy. (Doc. 47 at 10). Sync Staffing is correct.

The strong majority of courts to address the issue have concluded the type of contractual indemnity provision at issue here is not enforceable. Courts describe such provisions as against public policy or, alternatively, as preempted by federal law. *See, e.g.*, *McDougal v. G & S Tobacco Dealers, L.L.C.*, 712 F. Supp. 2d 488, 497 (N.D.W. Va. 2010) (discussing cases and finding state-law cross-claims "preempted" and against "public policy"). Regardless of the exact label courts apply when dismissing such claims, the end result is always the same: any attempt by a defendant to shift its liability to another entity or individual is found unenforceable.

The Ninth Circuit has not addressed indemnification claims under the FLSA but the Second Circuit has. In that case, one co-employer was attempting to assert a state-law cross-claim for indemnification against another co-employer. The Second Circuit summarily concluded that cross-claim was preempted by federal law. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999). In doing so, the Second Circuit cited to cases from the Fourth, Fifth, and Tenth Circuits. Those cases involved slightly different situations of an FLSA defendant seeking indemnity from an employee. *Id.* An employer seeking indemnification from an employee raises unique concerns about frustrating the intent of the FLSA. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (allowing indemnity claim against employees "would deprive them of overtime compensation to which the [FLSA] otherwise entitles them"). But the Second Circuit apparently did not find this distinction noteworthy.[2] And the underlying

---

[2] Outside the context of the FLSA, courts have recognized contractual indemnity cross-claims may be preempted. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597 (4th Cir. 2010) (cross-claims for contractual indemnity were preempted by

- 5 -

rationale of the decisions, whether involving cross-claims against co-employers or employees, is that courts should "foster a climate in which compliance with the substantive provisions of [the FLSA will] be enhanced." *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992).

ESSG offers no convincing reason to believe the Ninth Circuit would disagree with the approach taken in other circuits. The Ninth Circuit has already adopted such an approach in the context of litigation under the False Claims Act. *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1208 (9th Cir. 2009) (recognizing contractual indemnity cross-claims are not permitted under the False Claims Act). That approach is justified by a desire to avoid weakening the False Claims Act. *See U.S. ex rel. Madden v. Gen. Dynamics Corp.*, 4 F.3d 827, 830 (9th Cir. 1993) (defendant should not be given "opportunity to offset its liability"). The same logic applies here. Allowing ESSG's state-law contractual indemnity claim would have the practical effect of allowing it to offset FLSA liability and thereby weaken its incentive to comply with the FLSA. The contractual indemnity cross-claim is either against public policy or preempted by federal law.[3]

**III. Sync Staffing Must Retain Counsel**

Sync Staffing filed its motion to dismiss through counsel but that counsel subsequently moved to withdraw. (Doc. 49). In granting that request, the Court ordered Sync Staffing to obtain new counsel and have that counsel file a notice of appearance by December 5, 2016. (Doc. 50). Sync Staffing did not do so. As mentioned in the previous order, Sync Staffing's failure to appear through counsel may lead to entry of default judgment. (Doc. 50).

---

Americans with Disabilities Act and Fair Housing Act).

[3] Sync Staffing requests the Court enter a Rule 54(b) judgment on the cross-claims. Such judgments are meant to be the exception, not the rule. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). This case is not complicated and there is no reason to complicate it by entering a final judgment regarding a single piece and, potentially, allowing a piecemeal appeal. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005). Therefore, the request for a Rule 54(b) judgment will be denied.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 47) is **GRANTED** to the extent the cross-claims are DISMISSED. The request for entry of a Rule 54(b) judgment is **DENIED**.

**IT IS FURTHER ORDERED** Sync Staffing shall obtain counsel and file a notice of appearance within ten days of this order.

**IT IS FURTHER ORDERED** at the scheduling conference, the parties shall be prepared to discuss whether Sync Staffing's refusal to participate in this case through counsel will impact liability, in particular the fact of joint and several liability amongst all defendants.

Dated this 16th day of December, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge