JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
BORIS ORLOV, Senior Trial Attorney
(California State Bar Number 223532)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-5410
Facsimile:  (213) 894-2064
Email: orlov.boris@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EDWARD C. HUGLER*,<br>   Acting Secretary of Labor,<br>   United States Department of Labor,<br><br>               Plaintiff,<br>     v.<br><br>TBG Logistics, LLC,<br>  a limited liability company;<br>Matthew Connors, individually and as<br>  a managing agent of TBG Logistics;<br>Employer Solutions Staffing Group,<br>  LLC, a limited liability company;<br>Employer Solutions Staffing Group II,<br>  LLC, a limited liability company;<br>Employer Solutions Staffing Group III,<br>  LLC, a limited liability company;<br>Employer Solutions Staffing Group IV,<br>  LLC, a limited liability company;<br>Countrywide Payroll & HR Solutions,<br>Inc., doing business as Countrywide<br>HR; | Case No. CV-16-02916-PHX-ROS<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT**<br>(29 U.S.C. § 201 *et seq.*) |

**SECOND AMENDED COMPLAINT**                                                       Page 1 of 15

| | |
|---|---|
| New Way Staffing, LLC, <br>   doing business as Sync Staffing. <br> Daniela Rodriguez, individually and as <br>  managing agent of New Way Staffing <br>                        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

*On January 20, 2017 Edward C. Hugler was appointed the Acting Secretary of Labor. Pursuant to FRCP 25(d) Mr. Hugler is substituted as the Plaintiff in this action

# INTRODUCTION

This case involves employees who work long hours unloading tractor trailers that deliver grocery products to an Albertson's warehouse in Tolleson Arizona. Defendants, consisting of employee staffing agencies, professional employer organization and a loading company, acting as agents for one another, designed and maintained an opaque and convoluted employment structure and used it to shirk their responsibility to their employees to pay legally required overtime wages. Defendants had knowledge of the excessive hours but deliberately ignored the safeguards in their computer programs alerting them to the overtime that should have been paid.

# RECITALS

1. The Plaintiff, Edward C. Hugler, Acting Secretary of Labor, brings this action to enjoin Defendants TBG Logistics, LLC ("TBG"), Employer Solutions Staffing Group, LLC, Employer Solutions Staffing Group, LLC, II, Employer Solutions Staffing Group, LLC, III, Employer Solutions Staffing Group, LLC, VI (Employer Solutions Staffing Group entities collectively referred to as "ESSG"), Countrywide Payroll & HR Solutions, Inc., doing business as Countrywide HR ("Countrywide HR"), New Way Staffing LLC, doing business as Sync Staffing ("Sync Staffing"), Matthew Connors, individually and as a managing agent of TBG Logistics, LLC and Daniela

Rodriguez, individually and as a managing agent of New Way Staffing, LLC (collectively, "Defendants"), from violating provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), and to recover amounts owed under the FLSA to employees of Defendants, as listed by name in the attached Exhibit A.

2.     This Court has subject matter jurisdiction under Section 17 of the FLSA, 29 U.S.C. §217; this Court also has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and §1345 (United States as Plaintiff).

3.     Venue is proper because the actions giving rise to this Complaint took place in the state of Arizona.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

4.     (a) Defendant TBG Logistics, is and at all relevant times has been an Arizona Limited Liability Company, with an office and place of business at 400 S. 99th Avenue, Tolleson, AZ 85353, within the jurisdiction of this Court, and has been engaged in the business of unloading tractor trailers delivering grocery store products to an Albertson's warehouse.

(b) Defendant Employer Solutions Staffing Group is a Minnesota Limited Liability Company doing business in Arizona with a place of business at 3800 N Central Ave, Suite 460, Phoenix, AZ 85012, within the jurisdiction of this Court, and an office in Minnesota located at 7301 Ohms Lane, Suite 405, Edina MN 55439.  At relevant times, it has been engaged in business as an employee staffing agency which supplied employees to unload tractor trailers delivering grocery store products to an Albertson's warehouse located at 400 S. 99th Avenue, Tolleson, AZ 85353.

(c) Defendant Employer Solutions Staffing Group II is a Minnesota Limited Liability Company doing business in Arizona with a place of business at 3800 N Central Ave, Suite 460, Phoenix, AZ 85012, within the jurisdiction of this Court, and an office in Minnesota located at 7301 Ohms Lane, Suite 405,

Edina MN 55439. At relevant times it has been engaged in business as an employee staffing agency which supplied employees to unload tractor trailers delivering grocery store products to an Albertson's warehouse located at 400 S. 99th Avenue, Tolleson, AZ 85353.

(d) Defendant Employer Solutions Staffing Group III is a Minnesota Limited Liability Company doing business in Arizona with a place of business at 3800 N Central Ave, Suite 460, Phoenix, AZ 85012, within the jurisdiction of this Court, and an office in Minnesota located at 7301 Ohms Lane, Suite 405, Edina MN 55439. At relevant times, it has been engaged in business as an employee staffing agency which supplied employees to unload tractor trailers delivering grocery store products to an Albertson's warehouse located at 400 S. 99th Avenue, Tolleson, AZ 85353.

(e) Defendant Employer Solutions Staffing Group IV is a Minnesota Limited Liability Company doing business in Arizona with a place of business at 3800 N Central Ave, Suite 460, Phoenix, AZ 85012, within the jurisdiction of this Court, and an office in Minnesota located at 7301 Ohms Lane, Suite 405, Edina MN 55439. At relevant times, it has been engaged in business as an employee staffing agency which supplied employees to unload tractor trailers delivering grocery store products to an Albertson's warehouse located at 400 S. 99th Avenue, Tolleson, AZ 85353.

(f) Defendant Countrywide Payroll & HR Solutions, Inc., doing business as Countrywide HR, is a Florida Corporation doing business in Arizona with a place of business at 2338 W Royal Palm Road, Suite J, Phoenix, AZ 85012, within the jurisdiction of this Court, and an office in Florida located at 707 Mendham Boulevard, Suite 250, Orlando Florida 32825. At relevant times, it has been engaged in business as a Professional Employer Organization which supplied employees to unload tractor trailers delivering grocery store products to an Albertson's warehouse located at 400 S. 99th Avenue, Tolleson, AZ 85353.

(g) Defendant New Way Staffing, LLC dba Sync Staffing is an Arizona Limited Liability Company with an office and place of business at 7611 W. Thomas Rd. Suite G48, Phoenix, Arizona 85033, within the jurisdiction of this Court.  At relevant times, it has been engaged in business as an employee staffing agency which supplied employees to unload tractor trailers delivering grocery store products to an Albertson's warehouse located at 400 S. 99th Avenue, Tolleson, AZ 85353.

(h) On information and belief, Defendant Matthew Connors resides within the jurisdiction of this Court.

(i) Defendant Matthew Connors is and at all relevant times has been acting directly or indirectly in the interest of TBG in relation to its employees. He has the authority to hire and fire employees, set work schedules and set wages rates.  As such, he is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

(j) On information and belief, Defendant Daniela Rodriguez resides within the jurisdiction of this Court.

(k) Defendant Daniela Rodriguez is and at all relevant times has been acting directly or indirectly in the interest of New Way Staffing, LLC in relation to its employees and is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

5. Since at least September 11, 2012, Defendant TBG employed workers to unload tractor trailers delivering groceries to an Albertson's warehouse located at 400 S. 99th Avenue, Tolleson, AZ 85333.

6. On January 14, 2013, Sync Staffing and ESSG entered into an agreement to supply employees to TBG to unload the groceries at the Albertson's warehouse. The employees filled out applications with ESSG and were issued paychecks and W-2s by ESSG.  ESSG was listed as the employer on paystubs and W-2s. These employees worked for TBG, ESSG and Sync under the supervision and control of TBG, Connors, ESSG, Rodriguez and Sync.

SECOND AMENDED COMPLAINT                                         Page 5 of 15

7. For the period of January 2013 to August 2014, TBG reported the hours worked by these employees to Sync Staffing who provided the information to ESSG who entered the information into its payroll software and issued payroll checks.

8. On or about July or August of 2014, Sync and ESSG had a business dispute and, as a result, Sync replaced ESSG with Countrywide HR. Sync transferred some employees from ESSG to Countrywide HR, who in turn processed payroll, issued payroll checks and W-2s. Countrywide thereafter was listed as the employer on the workers' paystubs and New Way Staffing (Sync) was listed as the worksite location. These employees continued to provide precisely the same services, unloading Albertson's trucks, at the same location for TBG, Countrywide HR and Sync under the supervision and control of TBG, Connors, Countrywide HR, Rodriguez and Sync.

9. Countrywide HR is a Professional Employer Organization and provides its employees to various clients such as the TBG Logistics worksite for a fee. Countrywide HR provides these employees through what it advertises as "co-employment" model where it co-employees the employees with other employers. Countrywide HR acting individually and as an agent for its follow co-Defendants set and dictated employment conditions for employees working at the TBG Logistics worksite. Specifically, under its service agreement, Countrywide HR had discretion and power to discipline or terminate employees. Countrywide HR had the power to hire employees, reassign employees and determine their compensation. Employees' job duties could not be changed without Countrywide HR's express prior written approval. Countrywide HR had discretion over employees' compensation and employment benefits and decided what employment benefits were offered including providing worker's compensation insurance. Countrywide HR dictated even minute conditions of employment such as specifying that employees could not be entrusted with cash, checks, keys,

credit cards, confidential or trade secrets information, negotiable instruments or other valuables without Countrywide HR's express written approval.

10. While some employees were transferred to the payroll of Countrywide HR, others were transferred to the direct payroll of TBG and TBG processed payroll for those employees.

11. TBG, ESSG, Sync, and Countrywide HR, acting as agents for one another, performed all aspects and duties of employment. Defendants, individually and jointly, serving as agents for one another, controlled the material aspects of the employment relationship including, hiring, firing, employee discipline, setting pay rates, setting work schedules, assigning work, assigning employees to worksite, preparing and maintaining payroll records, paying payroll taxes, providing workers compensation insurance, and offering employee benefits such as health insurance and participation in retirement plans.

12. Defendants designed and maintained a convoluted employment structure involving at least seven different entities, with each single entity serving the interests of and/or acting as an agent for the others.  Repeatedly in the relevant time period, employees were switched between the payrolls of different Defendants. For example, an employee who applied for a job with TBG was told to fill out an application for employment with ESSG, got a paycheck from ESSG III or ESSG IV, a W-2 from ESSG III or ESSG IV, directed to address employment questions with Sync, transferred without any input to Countrywide HR, while still being told they work for Sync. Thus, Defendants actively sought to confuse employees and conceal from them the basic facts concerning their conditions of employment and the identity of their employers. By these actions Defendants were depriving, interfering and impeding the ability of the employees, and derivatively the Secretary, to detect the basic circumstances of their employment, let alone try to unravel how and with whom to address the non-payment of overtime.

SECOND AMENDED COMPLAINT                                                                       Page 7 of 15

13. Defendants, individually and acting as agents for their fellow co-Defendants, set and dictated employment conditions for all employees identified on Exhibit A, such as schedule, method of work and rate of pay. The work performed by the employees of unloading delivery trucks was repetitive, rote and integral to the Defendants businesses.

14. The economic realities of the employment relationship show that each defendant is an employer within the meaning of FLSA Section 3(d), 29 U.S.C. 203(d), and together served as a team of co-employers. As such, they are jointly and severally liable for the backwages due for relevant time periods.

## DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA

15. The workers who unloaded food and grocery goods at the Albertson's warehouse were engaged in commerce and/or in handling or working on goods that had been moved in commerce, in that they unloaded food and other grocery goods that had been shipped from places outside of the state of Arizona. As such, the workers are covered by the FLSA's wage, recordkeeping and anti-discrimination provisions.

## DEFENDANTS VIOLATED THE FLSA

16. Defendants have violated the provisions of Sections 7 and l5(a)(2) of the FLSA, 29 U.S.C. §207 and §215(a)(2), because they failed to pay their employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at a rate of time and one half the employees' regular rate for hours worked over 40 in a workweek.  Employees typically worked 60 hours per week or more for which they were paid $10 an hour, but they were not paid an overtime premium for their excess hours.

17. Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain,

SECOND AMENDED COMPLAINT                                          Page 8 of 15

keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Plaintiff-Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516. Defendants TBG and Connors did not maintain and preserve records for at least one employee and/or such records fail to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, and the amount paid, thereby depriving, interfering and impeding the ability of the employees, and derivatively the Secretary, to detect, identify and have notice of the underpayment of overtime due under the Act.

18. During the relevant statutory period, Defendants have repeatedly and willfully violated and are violating the above-described provisions of the FLSA.

(a) Defendants TBG and Connors falsified payrolls to make it appear that they were paying overtime for hours worked over 40 by falsifying the number of hours worked and the respective pay rates.

(b) Defendants failed to pay an overtime premium even when their computer software processing systems instructed them to do so.

(i) Defendant ESSG's payroll processing software alerted ESSG that employees were not being paid an overtime rate for hours worked over 40 in a workweek, however, ESSG overrode those alerts in its payroll software and continued processing checks without the overtime premium.

(ii) Defendants TBG and Connors manipulated the payroll software they used to process and issue payroll checks to click through pop up warnings alerting to overtime due and instead manipulated the pay rate to avoid paying overtime.

     (iii) Defendant Countrywide maintained payrolls that showed the substantial number of employees working in excess of 40 hours, but Countrywide failed to pay the overtime premium when due.

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

  A. (i) For an order pursuant to Section 17 of the FLSA, 29 U.S.C. §217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5); and

  B. For an order

  (i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding the Defendants jointly and severally liable for any unpaid overtime compensation during the relevant time period that may be found by the Court to be due under the FLSA plus an additional amount as and for liquidated damages, equal to any overtime compensation found to have accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit A; or

  (ii) in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, the Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the

attached Exhibit A, plus pre-judgment interest thereon; and,

    D. Awarding the Secretary the costs of this action; and,

    E. Providing such further legal and equitable relief as may be deemed appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection, of the violations of the Act by the Secretary due to defendants' failure to maintain complete, accurate or full records as required by 29 U.S.C. §§ 211(c) and 215(a)(5) of the Act and creating and maintaining a web of business entities concealing the conditions of employment and the identities of the employers.

Dated: February 24, 2017

NICHOLAS C. GEALE  
Acting Solicitor of Labor

JANET M. HEROLD  
Regional Solicitor

SUSAN SELETSKY  
FLSA Counsel

__/s/ Boris Orlov_____  
BORIS ORLOV  
Senior Trial Attorney  
Attorneys for the Plaintiff  
U.S. Department of Labor

# EXHIBIT A

1. ABRIL, JAVIER
2. ACERO, CARLOS
3. ADAME, AGUSTIN
4. ALFARO, SIMON
5. ALVAREZ, MANUEL
6. AMADO, LUCIANO
7. ANDRADE, JUAN
8. ARGUATA VILLATORO, OSVALDO
9. ARREDONDO, HUMBERTO
10. ARREVALO, ANTONIO
11. ARRIETA , MIGUEL
12. BAEZ FIGUEROA, ANTONIO
13. BARRAZA, SALVADOR
14. BARRIOS, YEHOBANY
15. BAUTISTA , ESLER
16. BAUTISTA, JESUS
17. BOCANEGRA, DARWIN
18. CARMONA   , ARTEMIO
19. CARMONA, FEDERICO
20. CECENA, JESUS
21. CECENA GONZALEZ, JAIME
22. CECENA GONZALEZ, PEDRO
23. CHAVEZ, EDELMO
24. CHAVEZ, JUAN
25. CHAVEZ, RICARDO
26. CORRALES, MANUEL
27. FLORES, LUIS
28. FLORES, CESAR
29. GAGE, STANLEY
30. GARCIA, FELIPE
31. GARCIA, JUAN
32. GARCIA, RICARDO
33. GARCIA, RICHARD
34. GARCIA DIAZ, EZEQUIEL
35. GASPAR , JESUS
36. GOMEZ, JUAN
37. GOMEZ ALATORRE, EDGAR
38. GONZALEZ, LEOBARDO

**SECOND AMENDED COMPLAINT**                                                        Page 12 of 15

39. GONZALEZ, PEDRO
40. GUINAC BAUTISTA, AUGUSTO
41. HERNANDEZ, ANTONIO
42. HERNANDEZ, MICHAEL
43. HERNANDEZ, NOE
44. HUINAC, ESLER
45. LEAL , JUAN
46. LEYVA, MARIO
47. LEYVA QUINTANA, MANUEL
48. LOPEZ, JOEL
49. LOPEZ, OMAR
50. LOPEZ, SALOMON
51. LOPEZ GONZALEZ, EZEQUIEL
52. LOPEZ GONZALEZ, FRANCISCO
53. LOPEZ GONZALEZ, LEOBARDO
54. LOPEZ PARRA, JESUS
55. LOPEZ VACA, FRANCISCO
56. MACIA LEONEL, RUBEN
57. MACIAS, MARTIN
58. MALDONADO, JESUS
59. MARES, OBED
60. MARTINEZ, CARLOS
61. MEDINA, ENRIQUE
62. MENDOZA, JAVIER
63. MERIO, LUCAS
64. MONREAL, LUIS
65. MORENO, ARTHUR
66. NERIO, LUCAS
67. PINEDA, JOSEPH
68. PONCE, BENITO
69. PONCE, ROBERTO
70. PONCE CONTRERAS, YOKAN
71. QUINTANA, MAURICIO
72. QUIROA, ISAI
73. RAMIREZ, ALEJANDRO
74. RAMIREZ, JOSE
75. RAMIREZ, DAVID
76. RAMOS , JESUS
77. RENDON, JOEL
78. RICO, RODRIGO

79. RODRIGUEZ SEGURA, JOSE
80. ROJO GOMEZ, JUAN
81. ROMAN, EDUARDO
82. ROMAN, ABEL
83. RUIZ, JUAN MANUEL
84. RUIZ, RAMON
85. SALAZAR , JOSEPH
86. SALAZAR VARGAS, VENANCIO
87. SALAZAR VARGAS, CARLOS
88. SALAZAR VARGAS, HERMILO
89. SALAZAR VARGAS, PEDRO
90. SANCHEZ, ALFONSO
91. SANCHEZ, CESAR
92. SANCHEZ, TOMAS
93. SANTILLAN, ROBERTO
94. SEGURA, JOSE
95. SIMON, ALFARO
96. STANLEY, GAGE
97. SUTUC, CRISTIAN
98. TORRES, FRANK
99. VALDEZ, ANTHONY
100.   VALDEZ   RODOLFO
101.   VALDEZ, RICARDO
102.   VALLES, JAUN CARLOS
103.   VASQUEZ, CESAR
104.   VASQUEZ, JOSE
105.   VILLA ABRIL, JAVIER
106.   ZUNIGA, CARLOS
107.   ZUNIGA, DIEGO
108.   ZUNIGA, JONATHAN
109.   ZUNIGA, SALVADOR

**SECOND AMENDED COMPLAINT**  **Page 14 of 15**

# CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2017 , I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Cory G. Walker
Steven G. Biddle
Attorneys for Defendants TBG Logistics, LLC and Matthew Connors

Rebecca J. Levine
Attorneys for Defendants Employer Solutions Staffing Group, LLC, Employer Solutions Staffing Group II, LLC, Employer Solutions Staffing Group III, LLC, Employer Solutions Staffing Group IV, LLC,

Henry L. Solano
Attorneys for Defendant Countrywide Payroll & HR Solutions, Inc.

I hereby certify that on February 24, 2017, I served the attached document by U. S. Mail and e-mail on the following, who are not registered participants of the CM/ECF System:

Daniela Rodriguez
Joe Rodriguez
New Way Staffing LLC
7611 W Thomas Road, G48
Phoenix, AZ 85033
joe@syncstaffing.com
dainela@syncstaffing.com