# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas E Perez, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TBG Logistics LLC, et al.,<br><br>　　　　Defendants. | No. CV-16-02916-PHX-ROS<br><br>**JUDGMENT** |

　　　　Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") and Defendants TBG Logistics, LLC ("TBG") and Matthew Connors (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Judgment").

　　　　A.　　The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging that Defendants violated provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5). Defendants have appeared in this action.

　　　　B.　　Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District of Arizona.

　　　　C.　　The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Judgment in settlement of this action, without further contest.

D.  Defendants understand and acknowledge that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by the FLSA, 29 U.S.C. § 215(a)(3), and that violation of this Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

E.  Defendants acknowledge that any individual or entity acting on their behalf or direction will be provided with notice of the provisions of this Judgment within 30 days of entry.

F.  Defendants admit that, TBG was at the time relevant to this action, an Arizona Limited Liability Company, with an office and place of business at 400 S. 99th Avenue, Tolleson, AZ 85353, within the jurisdiction of this Court, engaging in the business of unloading tractor trailers delivering grocery store products to an Albertson's warehouse.

G.  Defendants admit that they were an employer, within the meaning of the FLSA, of employees listed in Exhibit A of the Secretary's complaint.

H.  Defendants admit that they paid employees straight time for hours worked over 40 in a workweek with no overtime premium and that as a result back wages are due in the amounts indicated on Exhibit 1, attached to this judgment, next to each employee's name.

I.  Defendants TBG Logistics and Connors were, together, an employer of the individuals listed in Exhibit A of the Secretary's Complaint as defined in 29 U.S.C. § 203 (d) from January 6, 2013 through September 14, 2015.  This Consent Judgment only resolves the liability of Defendants TBG and Connors for the period of February 6, 2014 through September 14, 2015 and does not resolve any potential liability of other employers for any period.

J.  Defendants hired New Way Staffing, LLC ("Sync Staffing") a staffing

agency, to provide employees to TBG to work at the Albertson's warehouse to unload trailers of grocery products.

K. On January 14, 2013, Sync Staffing and ESSG entered into an agreement to supply employees to TBG to unload the groceries at the Albertson's warehouse. The employees filled out applications with ESSG and were issued paychecks and W-2s by ESSG. ESSG was listed as the employer on paystubs and W-2s.

L. ESSG provided employees to TBG from at least January 6, 2013 through July 27, 2014.

M. During the period of January 14, 2013 to July 27, 2014, Defendants correctly reported the hours worked by the employees to ESSG through Sync Staffing. ESSG processed the payroll and issued payroll checks. The payroll checks processed and issued by ESSG paid at least some employees at straight rate with no overtime premium for hours worked over 40 in a workweek.

N. Countrywide HR provided employees to TBG from July 28, 2014 through August 23, 2015.

O. Sync Staffing provided employees to TBG from at least January 6, 2013 through August 23, 2015.

P. Defendants processed payroll directly for the employees listed on Exhibit 1 for the period of February 6, 2014 through September 14, 2015.

Q. TBG, Connors, ESSG, Sync, Rodriguez and Countrywide HR, during the relevant time periods acting together performed all aspects and duties of employment. Defendants, individually and jointly, serving as agents for one another, controlled the material aspects of the employment relationship of the TBG employees, including, hiring, firing, employee discipline, setting pay rates, setting work schedules, assigning work, assigning employees to worksite, preparing and maintaining payroll records, paying payroll taxes, providing workers' compensation insurance, and offering employee benefits such as health insurance and participation in retirement plans.

It is therefore, upon joint motion of the attorneys for the parties, and for cause shown,

**ORDERED, ADJUDGED, AND DECREED** that Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with it who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA sections 7 and 15(a)(2) employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants, shall not withhold payment of $80,000.00 in overtime pay hereby due under the FLSA and this Judgment to individuals on Exhibit 1 as a result of their employment by Defendants during the period of February 6, 2014 through September 14, 2015 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross back wage

amount due the employee and the period covered by the Consent Judgment.

    4.    Liquidated damages in the amount of $80,000.00 (constituting 100 percent of the back wages that so became due) are hereby found to be due under the FLSA, Section 16(c).

    5.    To accomplish the requirements of Paragraphs 3 and 4, Defendants agree and shall deliver to the Wage and Hour Division, United States Department of Labor, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003 the following:

    a. On or before July 1, 2017, a schedule in duplicate bearing the name of the corporate Defendant, employer identification number, address, and phone number of the corporate Defendant and showing the name, last known (home) address, Social Security number, Employer issued employee identification number for each person listed in the attached Exhibit 1.

    b. Within 15 days of the Court's approval of this judgment, Defendants shall deliver to Wage and Hour $130,000 in two checks, one for $80,000 shall have the Firm name and "LDs" written on it, the second check for $50,000 shall have the firm name and "BWs" written on it. On or before October 15, 2017, Defendants shall deliver to Wage and Hour a check for $30,000 with the firm name and "BWs" written on it. On or before December 30, 2017, Defendants shall deliver to Wage and Hour a check in the amount of $15,000 in payment of Civil Money Penalties.

    c. In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary.

Case 2:16-cv-02916-ROS   Document 89   Filed 06/13/17   Page 6 of 8

      d.    The Secretary shall allocate and distribute the funds described in paragraphs 3 and 4, less deductions for employees' share of Social Security and withholding taxes on the back wage amounts, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

6.    Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of their past or current employees, including without limitation those listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

7.    Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

8.    Defendants agree and shall comply with the FLSA, and if the Defendants hire any employees, they shall implement payroll practices as follows:

      a.    Defendants shall maintain all time and payroll records for a period of not less than three years.

      b.    Defendants shall inform all new supervisors and managers regarding the requirements of this Judgment and shall provide a complete copy of this Judgment to all supervisors and managers.

      c.    Defendants shall review all payrolls whether processed by Defendants or any third parties including Staffing Agencies of any kind, for compliance with FLSA. Specifically, Defendants will ensure that all non-exempt employees that work over 40 hours in a work week receive an overtime premium required by FLSA and all employees will be paid at least the applicable minimum wage.

      d.    Defendants shall provide training to any new employees on the requirements of the FLSA as to minimum wage, overtime and anti-retaliation provisions.

**IT IS ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than the Defendants; and it is further

**ORDERED** that this Judgment represents a full resolution of all claims alleged against Defendants in the Secretary's Complaint for the employees named in Exhibit 1, except that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under the FLSA as to any employer other than TBG Logistics and Connors; and, it is further

**ORDERED** that each party shall bear his or its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and it is further

1 **ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

Dated this 12th day of June, 2017.

                                              Honorable Roslyn O. Silver
                                              Senior United States District Judge