JANET M. HEROLD
Regional Solicitor
BORIS ORLOV, Senior Trial Attorney
(California State Bar Number 223532)
HAILEY McALLISTER, Trial Attorney
(Washington State Bar Number 49975)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-5410
Facsimile:  (213) 894-2064
Email: orlov.boris@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br>    Secretary of Labor, <br>    United States Department of Labor, <br><br>                 Plaintiff, <br>       v. <br><br> TBG Logistics, LLC, et al., <br><br>          Defendants. <br> _____ | Case No. CV-16-02916-PHX-ROS <br><br> SECRETARY OF LABOR'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT AGAINST DEFENDANTS EMPLOYER SOLUTIONS STAFFING GROUP, LLC et al. |

i

## MOTION AND NOTICE OF MOTION

PLEASE TAKE NOTICE that Plaintiff R. Alexander Acosta, United States Secretary of Labor, hereby moves for summary judgment under Federal Rule of Civil Procedure 56 against Defendants Employer Solutions Staffing Group, LLC, Defendants Employer Solutions Staffing Group II, LLC, Defendants Employer Solutions Staffing Group III, LLC, Defendants Employer Solutions Staffing Group IV, LLC (collectively "ESSG").

The Secretary of Labor moves for an order granting him summary judgment on the following claims alleged in the First Amended Complaint:

(1) Defendants failed to pay employees at least time and half their regular rate for all hours worked over 40 in a workweek in violation of Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2);

(2) Defendants willfully violated Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2);

(3) Pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding the Defendants liable for an additional amount as and for liquidated damages, equal to any overtime compensation found to have accrued under the FLSA.

## **<u>Table of Contents</u>**

Table of Authorities…………………………………………………………...iv

Memorandum of Points and Authorities …………………………………………1

  I.    Introduction……..………………………………………….…………1

  II.  Argument……………………………………………………………….4

**A.**    Defendants violated Section 207 of the FLSA by failing to pay an overtime premium for hours worked over 40 in a workweek…..…5

**B.**    Defendants willfully violated Section 207 of the FLSA and therefore a three year statute of limitations applies…………..…………..…6

    1.  ESSG delegated FLSA compliance to "autonomous" Payroll Administrators, failed to monitor them and is bound by their actions……………………………………………..........…12

**C.**    Liquidated damages are mandatory because Defendants have no good faith defense…………………………………………...14

Conclusion …………………………………………………..…..16

1

## <u>Table of Authorities</u>

2

*Cases:*

3

*Alvarez v. IBP, Inc.*,
339 F.3d 894 (9th Cir. 2003) ......................................................... 6, 7, 10, 15

*Anderson v. Liberty Lobby, Inc*,
477 U.S. 242 (1986)...................................................................... 4

*Arias v. Raimondo*,
860 F.3d 1185 (9th Cir. 2017) ......................................................7

*Chao v. A-One Medical Services, Inc.*,
346 F.3d 908 (9th Cir. 2003) ......................................................15

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ......................................................................4

*Dole v. Elliott Travel & Tours, Inc.*,
942 F.2d 962 (6th Cir. 1991) .......................................................6

*Flores v. City of San Gabriel*,
824 F.3d 890 (9th Cir. 2016) ........................................................7, 12, 15

*Flores v. Velocity Express, LLC*,
2017 WL 1436039, at *19 (N.D. Cal. 2017)...............................15

*Goldberg v. Kickapoo Prairie Broadcasting Co.*,
288 F.2d 778 (8th Cir. 1961) .......................................................13

*Haro v. City of Los Angeles*,
745 F.3d 1249 (9th Cir. 2014) .....................................................15

*Herman v. RSR Sec Servs. Ltd.*,
172 F.3d 132 (2nd Cir. 1999) .......................................................7, 10, 11, 15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

iv

*Lenroot v. Interstate Bakeries Corp.*,
146 F.2d 325 (8th Cir. 1945) ...................................................................12

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
475 U.S. 574 (1986) ...........................................................................4, 5

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988). ..............................................................................6

*Moreno v. United States,*
88 Fed. Cir. 266 (2009) ............................................................................6

*Overnight Motor Transp. Co. v. Missel*,
316 U.S. 572 (1942) ...............................................................................14

*People v. Sheffield Farms Slawson Decker Co.*,
225 N.Y. 25, 121 N.E. 474 (1918) ...........................................................12

*United States v. Bonds*,
608 F.3d 495, 506 (9th Cir. 2010) ............................................................13

Statutes:
29 U.S.C. § 201 ..................................................................................1
29 U.S.C. § 207 ..................................................................................5
29 U.S.C. §216...................................................................................14
29 U.S.C. §255...................................................................................6
29 U.S.C. §260...................................................................................15
Fed. R. Civ. P. 56................................................................................4
29 C.F.R. §578.3.................................................................................10

Restatement (Third) Agency § 7.04 ........................................................13

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION[1]

ESSG is a professional staffing agency that cannot deny that it is intimately familiar with the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA" or "the Act").  Indeed, the very essence of ESSG's business is to "partner" with businesses and "assume" the responsibility of managing and employing their partners' workforce.  ESSG's own website boasts of its expertise regarding federal and state law and promises its business partners that ESSG will handle all employment matters, including legal compliance and FLSA, so that its partners can devote their attention to running the business. Exh. I to Orlov Decl.

The Secretary's instant action arises out of ESSG's failure to comply with the most straightforward and basic requirement of federal law: paying overtime pay for all overtime hours worked.  ESSG received all of the necessary

---

[1] As directed by the Court, the parties met and conferred regarding the facts in this case. The Secretary provided a draft of this motion and statement of undisputed material facts to Defendants for review. While the majority of facts are undisputed, there is a disagreement between the parties about whether other facts are actually disputed or just have a different legal significance. In addition, some facts while they may be disputed are not necessary to rule on this motion. For example, the parties dispute whether a conversation occurred between the payroll administrator and one of the owners. However, the Secretary has addressed this issue in detail in this motion and a resolution of that factual dispute is not necessary for a finding of willfulness. Further, Defendants have not at this stage provided the Secretary with any admissible evidence disputing any of the Secretary's facts which almost exclusively consist of Defendants' own documents and testimony of Defendants' witnesses.

1

information regarding hours worked from its partners (TBG Logistics), but simply failed to pay the overtime premium – time and a half the employee's hourly rate – for overtime hours.  Indeed, it is undisputed that Defendants, including ESSG, knew employees staffed at TBG regularly worked upwards of 60 hours a week for $10 an hour unloading trucks of inventory at an Albertson's warehouse in Tolleson, Arizona.

To defeat the Secretary's action, ESSG incredibly now asserts that its failure to comply with this most basic requirement of federal law was not "willful."  As a matter of law, however, this defense is not available to ESSG, requiring summary adjudication in favor of the Secretary. As a staffing agency which secures clients on the express premise that its expertise in complying with all federal and state employment laws qualifies it to assume the responsibility for all workforce responsibilities, ESSG cannot deny that it well knows that federal law requires payment of overtime pay for all hours worked beyond 40 in a workweek.  As the undisputed record here shows, ESSG actually does not deny that it knew of the FLSA's requirements as it explicitly programmed its payroll systems to provide an alert if any payroll staff tried to process a payroll which did *not* pay time-and-a-half for all hours worked beyond 40.  Under settled precedent, this undeniable knowledge of the FLSA's requirements establishes willfulness under the FLSA.

In recent months, Defendants have tried to cloud the water regarding ESSG's clear and obvious willful violation of the FLSA by pointing to disputed details regarding how its personnel responded to these alerts.  This liability

2

avoidance two-step, however, also fails as a matter of law, because the material facts regarding the alert override are not disputed.  It is undisputed that during the relevant period ESSG's payroll systems were designed so that once an alert is raised—putting the payroll staff on undeniable notice that the payroll is not in compliance with the FLSA—ESSG's "payroll administrators" had the authority to override the alerts.  The violations of the FLSA at issue here occurred precisely because ESSG's payroll administrator assigned to TBG's payroll overrode the alerts and paid TBG's employees at a straight-time rate, rather than the overtime rate federal law requires. Egregiously, this was not a onetime occurrence. Rather, ESSG processed payroll for employees it placed at TBG every week for at least 82 workweeks from January 6, 2013 to July 27, 2014.[2] During this time, ESSG overrode alerts for approximately 1,800 instances where employees were not paid overtime for hours over 40 in a workweek. Shockingly, this means that an average of 22 times per week, repeated over and over every week for 82 straight weeks, ESSG manually overrode its alerts showing overtime violations without addressing the violative conduct.

Defendant ESSG disputes whether its payroll administrator had a conversation with its owner in which ESSG's owner explicitly approved the override—but that conversation is *immaterial* to the determination of ESSG's willfulness here.  ESSG does not dispute that its payroll administrator overrode

---

[2] While ESSG placed its employees with TBG since at least January 6, 2013, the Secretary is only seeking backwages for the period of August 30, 2013 to July 27, 2014.

the payroll system's alters indicating overtime violations.  That delegation of duty, the instant facts show, was reckless, which also *under settled precedent* establishes willfulness under the FLSA.

Based on the undisputed facts, the Secretary asks the Court to adjudicate that (1) Defendants violated Section 207 of the FLSA, (2) Defendants' conduct was willful, and (3) liquidated damages are mandatory.

## II.   ARGUMENT

Summary judgment is appropriate when there is no genuine dispute of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the moving party establishes the absence of a genuine issue of fact on each issue material to its case, the court should grant summary judgment unless the opposing party produces specific facts showing there is a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The opposing party may not rest on mere allegations or denials from the pleadings, but instead must demonstrate by affidavits or other materials in the record that there is a genuine dispute for trial.  *See* Fed. R. Civ. P. 56(c)(1); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the

4

non-moving party" on a particular issue, there is no genuine dispute for trial. *Matsushita*, 475 U.S. at 587.

The uncontroverted facts in this case show that there is no genuine dispute that (1) Defendants failed to pay employees overtime as required under Section 207 of the FLSA, (2) did so willfully, and (3) have no good faith defense and therefore must pay liquidated damages.

**A. Defendants violated Section 207 of the FLSA by failing to pay an overtime premium for hours worked over 40 in a workweek.**

There is no dispute that Defendants failed to pay employees one and one-half times employees' regular rate for hours worked over 40 in a workweek as the FLSA requires. See 29 U.S.C. § 207.  Defendants' records clearly show that ESSG employees regularly worked well over 40 hours in a workweek and were not paid the required 50% premium for hours worked over 40. Secretary's Statement of Undisputed Material Facts ("SF") ¶ 6, See Exh. 4, 9, 12 to Haluptzok Sworn Statement (Exh. F to Orlov Decl.).  Defendants stipulate that ESSG's payroll records for the period from January 1, 2013 through July 27, 2014 accurately reflect the number of hours worked and the pay received by ESSG employees identified on Exhibit A. Secretary's Statement of Undisputed Material Facts ("SF") ¶ 1, Exh. A to Orlov Decl.(Stipulated Facts I).[3]  The unpaid

---

[3] ESSG, which includes Employer Solutions Staffing Group, LLC, Employer Solution Staffing Group, LLC, II, Employer Solutions Staffing Group, LLC, III, Employer Solutions Staffing Group, LLC, IV, has also stipulated that it is an employer as defined by the FLSA with respect to all employees identified on Exhibit A. SF ¶1; ExhA to Orlov Decl. (Stipulated Facts I).

overtime for the period of August 30, 2013 to July 27, 2014 equals $78,518.28 to 45 employees. SF ¶ 19. Therefore, it is entirely undisputed that Defendants violated Section 207 of the FLSA.

**B.      Defendants willfully violated Section 207 of the FLSA and therefore a three year statute of limitations applies.**

It is also clear based on the undisputed facts that Defendants acted willfully in failing to pay overtime as required by the FLSA. When employers willfully violate the FLSA, as Defendants have, a three year, rather than two year statute of limitations applies.  *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003); 29 U.S.C. § 255. A violation of the FLSA is willful if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

An employer acts knowingly when it has knowledge of the FLSA's requirements and fails to comply. *See Moreno v. United States*, 88 Fed.Cir. 266, 277 (2009) (finding willfulness when defendants knew of their obligation to pay overtime because persons responsible for pay decisions received actual notice and an explanation of the binding legal requirement to pay overtime under the FLSA); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir. 1991) (finding willfulness where defendant had actual knowledge of the FLSA's overtime requirements and failed to comply). Here, as explained below, there is no doubt that Defendants—a professional staffing agency selling payroll compliance to clients—knew that overtime is required for hours over 40 under the FLSA.

6

1    Further, an employer need not act knowingly to willfully violate the FLSA,

2   rather under a much lower standard, an employer's reckless disregard for the

3   matter of whether its conduct was prohibited by the FLSA is sufficient to find an

4   employer acted willfully.  *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th

5   Cir. 2016), *cert. denied sub nom. City of San Gabriel, Cal. v. Flores*, 137 S. Ct.

6   2117 (2017).  Violation is willful where an employer disregarded the very

7   "possibility" that it was violating the FLSA. *Alvarez v. IBP, Inc.*, 339 F.3d 894,

8   908 (9th Cir. 2003) *citing Herman v. RSR Sec Servs. Ltd.*, 172, F.3d 132, 141 (2nd

9   Cir. 1999).  Indeed, in the Ninth Circuit, an employer's violation of the FLSA is

10   "willful" when, as is the case here, it is "on notice of its FLSA requirements, yet

11   [takes] no affirmative action to assure compliance with them." *Flores,* 824 F.3d

12   at 906-907(citing *Alvarez,*339 F.3d at 909) (finding willfulness where the City

13   failed to investigate whether its exclusion of cash-in-lieu of benefits payments

14   from the regular rate of pay complied with the FLSA at any time following its

15   initial determination that the payments constituted a benefit). An employer need

16   not act maliciously, fraudulently, and "need not violate the statute knowingly" for

17   conduct to be willful under the FLSA. *Flores*, 824 F.3d at 906. Rather, the

18   standard appropriately requires employers to assume some basic level of

19   accountability to their employees, "who sacrifice a full measure of their freedom

20   and talents to the use and profit of others." *Arias v. Raimondo,* 860 F.3d 1185,

21   1192 (9th Cir. 2017). Employers must bear some responsibility to know and

22   comply with the longstanding baseline protections included in the FLSA, which

23   today have existed in the employee-employer relationship for nearly 80 years.

24   This is especially the case for a professional staffing agency that markets and

25   sells to various employers its FLSA compliance services.

The undisputed facts demonstrate Defendants were aware of the FLSA's overtime requirement and ignored it, rendering Defendants' conduct willful.

**Defendants knew about FLSA's overtime requirement.**

Defendants represented to their client, TBG, that they had knowledge of wage and hour laws and complied with them. Defendants' "Employee Recruiting and Placement Outsource Agreement," expressly references the FLSA and states that ESSG shall "assume such responsibilities as are required by applicable federal, state, and local wage and hour laws for payment of wages to recruited employees." SF ¶.9; . ESSG's own website boasts of its expertise regarding federal and state law and promises its business partners that ESSG will handle all employment matters, including legal compliance and FLSA, so that its partners can devote their attention to running the business. Exh. I to Orlov Decl. Additionally, Defendants provided in-house training on overtime requirements to staff, including Payroll Administrator Michaela Haluptzok. SF ¶ 10).

**Defendants knew employees worked over 40 hours with no overtime.**

Defendants knew employees placed with TBG regularly worked well over 40 hours in a workweek and were not paid time and one-half for hours worked over 40. SF ¶¶ 6-8, 16 (Haluptzok Dep.).  This practice is clearly depicted by Defendants' own records. See Exh. 4, 9, 12 to Haluptzok Sworn Statement (Exh. F to Orlov Decl.).In addition to the fact that overtime errors were clear from the face of Defendants' records, demonstrating willfulness, Defendants' knowing violation of the FLSA's overtime requirement is further demonstrated by the fact that Defendants' payroll system provided an error message alerting the Payroll

8

Administrator when hours worked over 40 were not compensated at the overtime rate. SF ¶ 15-18.

**ESSG Payroll Administrator Haluptzok overrode approximately 1,800 payroll software nonpayment of overtime alerts, approximately 22 alerts per week, every week for 82 straight weeks.**

ESSG delegated the task of ensuring employees are paid the proper rate to managers, Payroll Administrators and software. SF ¶ 12. Payroll Administrators were autonomous and their work was not reviewed by supervisors unless they had questions. SF ¶ 11. As ESSG's agent, the Payroll Administrator[4] provided instruction to another ESSG employee that when verifying TBG payroll, there would be "several errors due to the REG hours for TBG" and these should be manually overridden. SF ¶ 17.[5] During the time period ESSG processed payroll for its employees placed at TBG, the payroll system provided alerts for approximately 1800 instances where employees were not paid overtime for hours over 40 in a workweek. SF ¶ 21. This means that an average of 22 times per week

_____

[4] ESSG promoted this Payroll Administrator, Michaela Haluptzok, to Lead Payroll Account Manager in July of 2015. Haluptzok Sworn Statement 7:12-24 (Exh. F to Orlov Decl.).
[5] It is anticipated, based on Defendants' representations during the status conference that Defendants will introduce facts to dispute that ESSG's Payroll Administrator Michaela Haluptzok notified ESSG management and questioned Defendants' practice of paying TBG workers the regular rate for hours worked over 40 in a workweek, and ESSG co-owner, Ross Paeltzer, responded that the practice was "fine" and no changes were made. Haluptzok Sworn Statement 23:2-22. To date there has been no evidence provided to rebut this fact other than counsel's representation. However, even if as anticipated, Paeltzer will deny the conversation with Haluptzuk, the Court need not resolve the factual discrepancy of whether the conversation occurred, as explained further in this Section.

for 82 straight weeks ESSG manually overrode its alerts showing overtime

violations. *Id*.

The Secretary understands that Defendants intend to claim that the Payroll

Administrator who received the approximately 1800 alerts and overrode them is

too junior of an employee to bind Defendants' conduct as willful.  However, that

argument too must fail as a matter of law because even if no executive of

Defendants was informed by the Payroll Administrator of the alert or the decision

to override the alert, Defendant ESSG's conduct is unavoidably willful because

designing a system to provide an alert only to a "low level" employee and

allowing that employee to override 1800 alerts issued by the software system

constitutes action taken in "reckless disregard" of Defendants' known obligations

under the FLSA. [6]   Under similar circumstances, courts  have found that it is

unnecessary to decide whether the conversations between an employee and a

company  owner actually occurred because the reckless disregard prong was

satisfied even discounting this evidence.  In *Herman v. RSR Security Services*

*LTD,* 172 F.3d 132, 142 (2nd Cir. 1999) c*ited with approval* by *Alvarez v. IBP.,*

*Inc.*, 339 F.3d 894, 908  (9th Cir. 2003), an individual Defendant who was one of

the owners of the business disputed the testimony of employee witnesses that

they told him about overtime violations. The Court found that "it is unnecessary

to decide whether the conversations actually occurred, because the 'reckless

disregard' prong was satisfied even discounting this evidence." The Court of

---

[6] Under 29 C.F.R. § 578.3 "an employer's conduct shall be deemed to be in
reckless disregard of the requirements of the Act, among other situations, if the
employer should have inquired further into whether its conduct was in
compliance with the Act, and failed to make adequate further inquiry."

Appeals affirmed the trial court's reasoning that "although [Defendant] may not have had actual knowledge of the violative practices, the proof demonstrated he recklessly disregarded the possibility that [Defendant] was violating the FLSA." The court found that inquiring with business partners about compliance was not enough where he knew they previously violated the FLSA. Instead, the Defendant could have easily checked with the firm's accountant to ascertain compliance with the FLSA.

Here, the facts are stronger because it is the corporate defendant and not Paeltzer individually which is being held liable. ESSG's partner, TBG, was not hiding the overtime hours they wanted illegally paid at straight time - they were plainly and clearly shown on the records submitted to ESSG. Therefore, like the individual defendant in *RSR Security Services, LTD*, all ESSG had to do was simply inquire with the Payroll Administrator why she was paying straight time for 60 hour workweeks.  Additionally, ESSG had another tool; it could simply check its own software system for the approximately 1800 alerts over 82 weeks of violations of the FLSA. One inquiry during this 18 months engagement with TBG would have revealed the violations. If, as Defendants now claim, a Payroll Administrator is a low level employee, they should have required management approval to override the system's FLSA noncompliance alerts or prohibit alert overrides altogether and thus ensure that overtime was always paid.

In sum, ESSG's software system repeatedly—1800 times for 82 straight weeks—practically shouted to its user that the payroll as entered was not in compliance with the FLSA. These warnings were not merely ignored, but repeatedly manually overridden. ESSG's failure to properly monitor these alerts, is at the very least, a failure to investigate whether the payroll practice was legal

11

under the FLSA. Such failure is the very definition of reckless disregard and establishes willfulness. *See Flores*, 824 F.3d at 906.

### 1. ESSG delegated FLSA compliance to "autonomous" Payroll Administrators, failed to monitor them and is bound by their actions.

It is anticipated that ESSG will argue that Haluptzuk, as a Payroll Administrator, was a low level employee that should not bind the company. However, ESSG's Payroll Administrators are not low level employees but central cogs in ESSG's structure to ensure FLSA compliance.  Any attempt to shift blame onto Defendants' payroll administrators fails because Defendants cannot escape liability under the FLSA by delegating their responsibilities to employees, and cannot disclaim responsibility for the acts of their agents.

First, "[t]he mandate of the statute is directed to the employer and he may not escape it by delegating it to others."  *Lenroot v. Interstate Bakeries Corp.*, 146 F.2d 325, 328 (8th Cir. 1945) quoting with approval and applying to the FLSA, Judge Cardozo in *People v. Sheffield Farms Slawson Decker Co.*, 225 N.Y. 25, 121 N.E. 474, 476 (1918).  Here, ESSG CEO, Christopher Levine, testified that FLSA compliance was delegated to managers, Payroll Administrators and software. SF ¶ 12. ESSG Payroll Supervisor Doyle Piper testified that Payroll Administrators were autonomous and their work processing payrolls was not reviewed by supervisors unless they had questions. SF ¶ 11. By delegating overtime compliance to Payroll Administrators and giving them unsupervised authority to override software alerts, ESSG placed compliance with

12

the FLSA solely in the hands of Payroll Administrators. When a Payroll Administrator exercised the authority ESSG provided to override 1800 software warnings indicating noncompliance with the FLSA, ESSG must live with, and be held responsible for, the consequences of the Payroll Administrator's conduct and the system they designed.  A finding to the contrary would produce the perverse result of shielding from liability employers who delegate FLSA compliance and fail to monitor.

Second, "[c]orporations can speak and act only through their agents." *Goldberg v. Kickapoo Prairie Broadcasting Co.*, 288 F.2d 778, 781 (8th Cir. 1961). Consequently, conduct or knowledge of a business entity's agents is that of the corporate, or company, employer.  *See Id.*  ("knowledge on the part of the local managers that… overtime was worked which was not paid for was knowledge of the corporate employers.") "An agent is one who 'act[s] on the principal's behalf and subject to the principal's control." *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) (quoting Restatement (Third) Agency § 1.01). ESSG is liable for the conduct of its agents acting within the scope of their authority. See Restatement (Third) Agency § 7.04. Here, as an employee to whom ESSG has delegated the task of ensuring employees are paid the proper rate, the Payroll Administrator is an agent in her relationship with ESSG. As an agent of ESSG, Haluptzok's knowledge of the payroll error is imputed to ESSG. Further, it is evident that Haluptzok had authority because she directed another employee by email to override the nonpayment of overtime alerts. SF ¶ 17.

Therefore, there are no disputed facts preventing a finding of willfulness. The Payroll Administrator was an authorized employee to whom the FLSA compliance task was delegated who *knowingly* violated the FLSA as the Secretary has shown. If, as Defendants contend, a Payroll Administrator was a low level employee, the Secretary has shown that ESSG is guilty of *recklessly disregarding* FLSA compliance by failing to properly supervise the Payroll Administrator, who was violating the FLSA, and failing to inquire into and monitor the 1800 noncompliance alerts over 82 weeks from ESSG's own payroll system.

## C. Liquidated damages are mandatory because Defendants have no good faith defense.

An employer that violates the FLSA's minimum wage or overtime provisions "*shall* be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216 (emphasis added). FLSA liquidated damages are not penalties exacted by law, but serve instead to compensate employees for the delay in receiving the wages they are owed.  *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583 (1942), *superseded by statute on other grounds as stated in Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 128 n.22 (1985).  Liquidated damages in a FLSA minimum wage or overtime case "are 'mandatory' unless the employer can overcome the 'difficult' burden of proving both subjective 'good faith' and objectively 'reasonable grounds' for

14

believing that it was not violating the FLSA." *Haro v. City of Los Angeles*, 745 F.3d 1249, 1259 (9th Cir. 2014) (quoting *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909-10 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005)).[7]  "A finding of good faith is plainly inconsistent with a finding of willfulness." *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 920 (9th Cir. 2003).  "'[D]ouble damages [are] the norm and single damages the exception.'"  *Alvarez*, 339 F.3d at 910 (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir.1999)).  Furthermore, "An employer who failed to take the steps necessary to ensure its practices complied with FLSA and who offers no evidence to show that it *actively endeavored* to ensure such compliance has not satisfied § 260's heavy burden" and must pay liquidated damages.  *Flores*, 824 F.3d at 905 (internal quotation marks and brackets omitted) (emphasis in original) (quoting *Alvarez*, 339 F.3d at 910); *Flores v. Velocity Express, LLC*, 2017 WL 1436039, at *19 (N.D. Cal. 2017).

Liquidated Damages are mandatory in this case because Defendants have no good faith defense. As discussed above, Defendants had no reasonable grounds to believe that employees were not entitled to overtime pay when their

---

[7] Specifically, the FLSA provides that to avoid the imposition of liquidated damages, an employer must "show[] to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA];" if the employer makes this twin showing, "the court may, in its sound discretion, award no liquidated damages or award any amount thereof . . . ."  29 U.S.C. § 260.

1    hours far exceeded 40 in a workweek. Not only did ESSG fail to "actively

2    endeavor" to ensure their practices complied with the FLSA, they deliberately

3    ignored 1800 computer warnings over 82 weeks that they were not paying

4    overtime. The undisputed facts support a finding that ESSG knew employees

5    were not paid the required overtime.  Defendants cannot meet their heavy burden

6    making liquidated damages mandatory. Therefore, liquidated damages in the

7    amount of $78,518.28 should be awarded.

8                                   **CONCLUSION**

9          For these reasons, the Court should grant the Secretary's motion and enter

10   summary judgment in the Secretary's favor on the claims discussed above.

11

12   DATED: November 15, 2017              NICHOLAS. C. GEALE
                                          Acting Solicitor of Labor

13
                                          JANET M. HEROLD
14                                        Regional Solicitor

15                                        SUSAN SELETSKY
16                                        FLSA Counsel

17                                          __/s/Hailey McAllister__
18                                        BORIS  ORLOV,  Senior  Trial  Attorney
                                          HAILEY McALLISTER , Trial Attorney
19                                        Attorneys for the Plaintiff
20                                        U.S. Department of Labor

21

22

23

24

25

                                                                            16

1

2

# CERTIFICATE OF SERVICE

3

4

I hereby certify that on November 15, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6

7

8

9

Rebecca J. Levine
Attorneys for Defendants Employer Solutions Staffing Group, LLC, Employer Solutions Staffing Group II, LLC, Employer Solutions Staffing Group III, LLC, Employer Solutions Staffing Group IV, LLC,

10

11

12

___/s/Boris Orlov_____
Boris Orlov

13

14

15

16

17

18

19

20

21

22

23

24

25

17